STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
SANDY PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, and UAW*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al., <br> Plaintiffs, <br> v. <br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br> Defendants. | Case No. 3:25-cv-07864-RFL <br><br> **DECLARATION OF STACEY LEYTON IN SUPPORT OF PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED THE PAGE LIMITATION APPLICABLE TO MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

# DECLARATION OF STACEY LEYTON

I, Stacey Leyton, hereby declare as follows:

1. I am a partner at the law firm of Altshuler Berzon LLP and counsel for Plaintiffs in this action. I submit this declaration in support of Plaintiffs' Motion for Administrative Relief to Exceed the Page Limitation Applicable to Memorandum in Support of Motion for Preliminary Injunction. I have personal knowledge of the facts set forth in this declaration and if called as a witness in this action, I could and would testify competently to these facts.

2. On September 29, 2025, I e-mailed Heidy Gonzalez, counsel for Defendants, to inform her that Plaintiffs anticipated filing a preliminary injunction motion along with a motion that certain declarations be filed under seal and subject to an attorneys'-eyes-only protective order. I asked Ms. Gonzalez whether Defendants would agree to keep these declarations confidential and subject to an attorneys'-eyes-only restriction until this Court ruled on the sealing motion. Ms. Gonzalez responded that she would agree.

3. Later that day, I spoke with Ms. Gonzalez about a potential briefing schedule for Plaintiffs' planned preliminary injunction motion, which I told her would likely be filed on or before Monday, October 6. We agreed that we would communicate again later in the week.

4. On Wednesday, October 1, 2025, shortly before 10 a.m., I emailed Ms. Gonzalez to inform her that Plaintiffs' motion for a preliminary injunction would be filed on October 6, 2025, to invite further discussion about a briefing schedule, and to notify her that Plaintiffs planned to file an administrative motion for additional pages for their memorandum in support of the motion for a preliminary injunction. I asked whether Defendants would stipulate to Plaintiffs filing a 45-page memorandum in support of the motion for preliminary injunction, Defendants filing a 45-page opposition brief, and Plaintiffs filing a 25-page reply brief.

5. I received an email response from Ms. Gonzalez shortly thereafter, acknowledging receipt of my email but stating that in light of the ongoing government shutdown, "[a]bsent an appropriation, Department of Justice attorneys and employees of the Defendant Agencies are prohibited from working, even on a voluntary basis, except in very limited circumstances."

6. I responded by thanking Ms. Gonzalez for letting me know and stated that Plaintiffs would oppose any stay of the case and that the U.S. Department of Justice's published lapse plan allowed attorneys to continue to work on cases that are not stayed.

7. Plaintiffs will endeavor to present the facts and legal issues in our preliminary injunction brief in an efficient and non-repetitive manner but anticipate needing up to 45 pages to fully do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of October, 2025.

*/s/ Stacey Leyton*
Stacey Leyton