UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-07864-RFL <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN DECLARATIONS AND REFERENCES THERETO, AND TO PERMIT CERTAIN DECLARANTS TO PROCEED PSEUDONYMOUSLY** |

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' administrative motion for leave to file under seal certain declarations and references thereto, and to permit certain declarants to proceed pseudonymously. Plaintiffs request that the Court seal the declarations of Witnesses A-I, as identified in Plaintiffs' Compendium of Plaintiff and Member Declarations ("Compendium") filed in support of their motion for a preliminary injunction, and provide that such declarations may only be viewed by counsel for Defendants. Plaintiffs further request that portions of their memorandum in support of the motion for a preliminary injunction and the Compendium cover page be redacted to seal the names and statements of these declarants.

Plaintiffs further seek to submit the following four declarations pseudonymously: UPTE Doe, CIR Doe, Local 4811 Doe, and UCLA-FA Doe.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," such as motions for preliminary injunction, bear the burden of overcoming the presumption in favor of disclosure with "compelling reasons" to justify sealing the records at issue. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79.

Pseudonymous filings are permitted when the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Under this standard, courts have permitted anonymity "when identification creates a risk of retaliatory physical or mental harm[.]" *Id.* (internal quotations and citations omitted).

The declarants seeking to file under seal explain that if not permitted to file their declarations under seal they fear a variety of harms including retaliation, harassment, and doxxing, at the hands of both the Trump Administration and third parties including the UC. They express concern not only for themselves but also for their colleagues and their families. Declarants seeking to file pseudonymously state that if not permitted to file their declarations anonymously they fear retaliation, harassment, and threats to their safety and the safety of their loved ones, by both the Trump Administration and third parties. The Court finds the stated concerns to be reasonable and to meet the standard for filing under seal and for filing pseudonymously.

Compelling reasons having been shown, the Court hereby orders that the following declarations, as identified in Plaintiffs' Compendium, and all references to the content of these declarations included in Plaintiffs' Motion for a Preliminary Injunction and to declarants' names in the cover page of the Compendium, be filed under seal. Defense counsel may review the documents but may not disclose them to Defendants.

| Document Title | Under Seal or Pseudonymous |
|---|---|
| Declaration of Witness A | Under Seal, Attorneys' Eyes Only |
| Declaration of Witness B | Under Seal, Attorneys' Eyes Only |
| Declaration of Witness C | Under Seal, Attorneys' Eyes Only |
| Declaration of Witness D | Under Seal, Attorneys' Eyes Only |
| Declaration of Witness E | Under Seal, Attorneys' Eyes Only |
| Declaration of Witness F | Under Seal, Attorneys' Eyes Only |
| Declaration of Witness G | Under Seal, Attorneys' Eyes Only |
| Declaration of Witness H | Under Seal, Attorneys' Eyes Only |
| Declaration of Witness I | Under Seal, Attorneys' Eyes Only |
| Discussion of the declarations of Witnesses A-I in Plaintiffs Memorandum in Support of Motion for Preliminary Injunction | Under Seal, Attorneys' Eyes Only |

| Names of Witnesses A-I as Listed on the Cover Page of Plaintiffs' Compendium of Plaintiff and Member Declarations | Under Seal, Attorneys' Eyes Only |
|---|---|

Furthermore, finding that the need for anonymity outweighs prejudice to Defendants and the public interest in knowing the declarants' identities, Plaintiffs are granted leave to file four declarations pseudonymously: UPTE Doe, CIR Doe, Local 4811 Doe, and UCLA-FA Doe.

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
The Honorable Rita F. Lin
United States District Court Judge