BRETT A. SHUMATE
Assistant Attorney General
JOSEPH BORSON
Assistant Branch Director
HEIDY L. GONZALEZ (FL Bar #1025003)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity As President of the United States, *et al.*,<br><br>Defendants. | CASE NO. 3:25-cv-07864-RFL<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR A STAY IN LIGHT OF LAPSE OF APPROPRIATIONS** |

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(A), Defendants hereby move the Court for an order staying the deadline to respond to Plaintiffs' motion for a preliminary injunction and the deadlines for the Joint Case Management Statement and Initial Case Management Conference, and continuing all such deadlines until after Congress has enacted funding for the Department of Justice and the shutdown of the federal government has come to an end.

1. At midnight on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for other Executive agencies, including the federal Defendants. The Department does not know when funding will be restored by Congress.

2. The Anti-Deficiency Act, 31 U.S.C. §1341, as construed by the Attorney General, provides that in the absence of appropriated funds no obligation can be incurred except for the protection of life and property, the orderly suspension of operations, or as otherwise authorized by law. Absent an appropriation, Department of Justice attorneys and employees of the Defendant agencies are prohibited

from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.  An officer or employee of the United States who violates 31 U.S.C. § 1341(a) (obligate/expend in excess or advance of appropriation), § 1342 (voluntary services prohibition), or § 1517(a) (obligate/expend in excess of an apportionment or administrative subdivision as specified in an agency's regulations) "**shall** be subject to appropriate administrative discipline including, when circumstances warrant, suspension from duty without pay or removal from office." 31 U.S.C. §§ 1349(a), 1518 (emphasis added).

3.	Undersigned counsel has been furloughed for the duration of the lapse in appropriations.  Undersigned counsel is not permitted to work on the instant case during the lapse in appropriations, with the exception of being exempted for the sole and limited purpose of preparing this stay motion and other activities incident to its filing.  In addition, the input of employees from Defendant agencies is necessary and if the instant motion is denied, the work needed from the agencies may not be possible.

4.	Defendants respectfully submit that the Anti-Deficiency Act's factors are not satisfied and that upcoming deadlines in this case do not constitute emergencies under 31 U.S.C. § 1342, particularly in light of the preliminary injunction order entered by this Court in *Thakur v. Trump*, No. 25-cv-04737.

5.	Defendants therefore request a stay of the deadline to respond to Plaintiffs' motion for a preliminary injunction and the deadlines for the Joint Case Management Statement and Initial Case Management Conference until Congress has restored appropriations to the Department.  Defendants further request that, at that point, all current deadlines in this case be extended for a period of time commensurate with the duration of the lapse in appropriations – *i.e.*, each deadline would be extended by the total number of days of the lapse in appropriations.

6.	Although this Court has authority to extend or stay these deadlines without a formal motion or notice to opposing counsel, *see* Fed. R. Civ. P. 6(b)(1)(A), undersigned counsel nevertheless contacted Plaintiffs' counsel to either avoid a preliminary injunction motion or to negotiate a briefing schedule.  During the course of those discussions, Plaintiffs' counsel generally opposed a stay of the briefing schedule for Plaintiffs' motion for preliminary injunction unless Defendants agreed "they will not refuse to grant, withhold, freeze, suspend, terminate, condition, or otherwise restrict use of federal

funds, or threaten to do so, to the UC or any of its campuses, affiliated medical centers, or laboratories, based on alleged discrimination on the basis of race, color, national origin, or sex, or for any other purpose intended to coerce the UC into changing its policies or practices." Defendants cannot agree to this condition under the circumstances present. In an attempt to determine whether there would be a possibility of compromise, undersigned counsel asked Plaintiffs' counsel to provide a list of the grants Plaintiffs request not be suspended or terminated while the motion for preliminary injunction is being briefed and decided. Plaintiffs' counsel stated that Plaintiffs would "be seeking to enjoin terminations of funding (research grants or otherwise) by all the defendants we have named. Many of those defendants, as you know, are already subject to an injunction in *Thakur*. We don't plan to list the specific grants – just the defendant agencies." Plaintiffs also oppose a stay of the deadlines for the Joint Case Management Statement and Initial Case Management Conference.

7. If this motion for a stay is granted, undersigned counsel will promptly notify the Court as soon as the government shutdown has ended and, if necessary given the circumstances of this case, confer with opposing counsel and submit within two weeks a joint proposed schedule for the remainder of litigation.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of the deadline to respond to Plaintiffs' motion for a preliminary injunction and the deadlines for the Joint Case Management Statement and Initial Case Management Conference until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

DATED: October 10, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSEPH BORSON
Assistant Branch Director

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ (FL Bar #1025003)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530

Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov