STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
ALEXANDER PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-07864-RFL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR STAY OF DEADLINES AND PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS** |

1  Plaintiffs oppose Defendants' motion for an indefinite stay of all deadlines in this case until the conclusion of the federal government shutdown that began on October 1, 2025. ECF 35. This case can and should proceed notwithstanding the lapse in federal appropriations.

In this case, Plaintiffs challenge Defendants' policy of abusing civil rights investigations by restricting federal funding without following required procedures under Titles VI and IX in order to financially coerce universities to accept ideological control by the Trump Administration, including three funding suspensions by NIH, NSF, and DOE from July 30-August 1, 2025, totaling $584 million. *See, e.g.*, Amended Compl. ¶208 (ECF 24); Mem. in Support of Mot. for Prelim. Inj. 8-14 (ECF 31). Pursuant to this policy, the Trump Administration has demanded that the University of California pay more than $1 billion and accede to various ideological demands, including forcing the UC to cede control over curriculum and faculty hiring to the federal government, to adopt restrictions on protests and other expressive activity, and to announce that the university does not recognize transgender individuals, among other things. Amended Compl. ¶11. Plaintiffs filed a motion for preliminary injunction on October 9, 2025, with the filing of supporting documents and related administrative motions extending until October 10, 2025, because Defendants' policy, including the NIH, NSF, and DOE funding suspensions, is causing UC faculty, staff, and students represented by Plaintiffs to self-censor what they say, what they teach, and what they research, among other harmful effects. ECF 31 at 5-7, 16, 18-19.

Defendants seek to indefinitely stay their deadline to respond to Plaintiffs' preliminary injunction motion as well as other case deadlines. In support of their motion, Defendants assert that a stay is necessary because, under the Antideficiency Act, "Department of Justice attorneys and most employees of the Federal Defendants are prohibited from working, even on a voluntary basis, 'except for emergencies involving the safety of human life or the protection of property.'" ECF 35 ¶2 (quoting 31 U.S.C. §1342).

Defendants' motion fails to mention that eighty-nine percent (89%) of Department of Justice ("DOJ") employees are already excepted from the furlough, including the majority of employees of the Civil Division. *U.S. Department of Justice FY 2026 Contingency Plan* 2, 12 (Sept. 29, 2025), https://perma.cc/UNK2-F7SE. More broadly, Defendants across the executive branch could not promise

to temporarily forbear from additional funding terminations during the government shutdown. Presumably if their employees truly were unable to work, the request to hold off on further funding terminations for a period of time to allow the Court to adjudicate the preliminary injunction motion would have been easy enough to grant. *See* ECF 35 ¶6.

Two provisions of the Antideficiency Act permit Defendants and their attorneys to continue litigating this case.

First, counsel for Defendants may continue working on this case if otherwise "authorized by law." 31 U.S.C. §1341(a)(1)(B). The DOJ interprets this provision (as it has in past government shutdowns) to mean that DOJ attorneys must generally request a stay of ongoing litigation, but "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *DOJ FY 2026 Contingency Plan* 3. "With respect to litigation, the Department's [contingency] plan assumes that the Judicial Branch will continue to operate, though possibly at a reduced level, through the lapse." *Id.*; *see also Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (concluding that the denial of a stay amounts to legal authorization for DOJ attorneys to continue working).

Counsel for Defendants may therefore lawfully continue working if the Court denies the requested stay. And courts, including courts in this district, regularly deny requests by the federal government to stay briefing or argument due to a government shutdown. *E.g.*, *In re Camp Lejeune Water Litig.*, No. 4:23-CV-62, 2025 WL 2827029, at *2 (E.D.N.C. Oct. 6, 2025); *Am. Fed. Gov't Emps., AFL-CIO v. Trump*, No. 3:25-cv-03698-SI, Order, ECF 276 (N.D. Cal. Oct. 3, 2025); *FreeState Justice v. EEOC*, No. 1:25-cv-02482-GLR, Order, ECF 23 (D. Md. Oct. 3, 2025); *Rhode Island Coalition Against Domestic Violence v. Kennedy*, No. 1:25-cv-00342, Text Order (D.R.I. Oct. 1, 2025); *Kornitzky Group*, 912 F.3d at 638–39; *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 912 F.3d 641 (D.C. Cir. 2019); *Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019); *Priests For Life v. HHS*, No. CV 13-1261, 2013 WL 5572730, at *1 (D.D.C. Oct. 2, 2013).

The same interpretation of the Antideficiency Act in DOJ's contingency plan would apply to all Federal Defendant Agencies, thus allowing agency counsel and support staff to lawfully continue to work on non-stayed litigation. Indeed, various agency contingency plans acknowledge that employees can receive exceptions from being furloughed to continue required litigation activities.[1]

*Second*, as Defendants recognize, the Antideficiency Act also permits Defendants to continue working with respect to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. §1342. DOJ has interpreted that statutory exception to cover circumstances "where there is a reasonable likelihood that the safety of human life or the protection of property would be compromised, in some significant degree, by delay in the performance of the function in question." *DOJ FY 2026 Contingency Plan* 1. DOJ therefore recognizes that "a significant portion of the Department's mission relates to the safety of human life and the protection of property, and primarily for this reason, the Department has a high percentage of activities and employees that are excepted from the Antideficiency Act restrictions and can continue during a lapse in appropriations." *Id.*

This case relates to the protection of property interests in government funds that have been pledged to UC researchers. Plaintiffs challenge the $584 million in funding suspended by NIH, NSF, and DOE. Plaintiffs also seek to prevent Defendants from carrying out additional federal funding suspensions or restrictions pursuant to their policy of threatening universities with such actions if the universities do not adopt Defendants' ideological demands. As detailed in Plaintiffs' motion for preliminary injunction, this treatment of federal funding has serious consequences for the public: Defendants' termination of public research funds disrupts and compromises research into areas of significant public interest: scientific and medical research in ways that are difficult, if not impossible, to correct later. *See* ECF 31, nn. 21, 23, 26, 28, 31, 32, 34. Additionally, the suspension of funds directly

---

[1] *E.g.*, HHS Contingency Plan (Sept. 25, 2025), https://www.hhs.gov/about/budget/fy-2026-hhs-contingency-staffing-plan/index.html (Office of the General Counsel staff "will be excepted to ensure that HHS responds appropriately to orders from the Judicial branch."); USDA Contingency Plan at 48 (Sept. 30, 2025), https://www.usda.gov/sites/default/files/documents/fy2026-usda-lapse-plan.pdf (Office of General Counsel attorneys and staff will be excepted where "continued service is implied from the Constitutional function of the judiciary for cases in litigation that are not postponed during the shutdown"); EPA Contingency Plan at 1, https://www.epa.gov/system/files/documents/2025-09/epa-contingency-plan-9_29_25.pdf ("Legal counseling, litigation and law enforcement activities as required").

affects Plaintiffs' members, whose careers and livelihoods are being disrupted. *See* ECF 31 nn. 22, 24, 27, 29, 30.

Denying a stay is also appropriate in light of the important subject matter and posture of this case. *E.g.*, *United States v. US Airways Grp., Inc.*, 979 F.Supp.2d 33, 35 (D.D.C. 2013) (denying stay during shutdown due to significance of matter to both sides). As discussed further in Plaintiffs' motion for preliminary injunction, Plaintiffs have moved for a preliminary injunction because, in addition to other harms, Defendants' policy and funding suspensions are having a chilling effect on Plaintiffs' and their members' First Amendment speech. ECF 31 at 5-7, 18-19. The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Defendants' open-ended stay request, if granted, would prolong the irreparable First Amendment harms Plaintiffs and their members are experiencing.

In addition, Plaintiffs have moved to have their motion for preliminary injunction heard on November 14, 2025, because the lawfulness of Defendants' coercive policy will likely inform the University of California Regents' response to the federal government's demands. *See* ECF 33. News reports indicate that the Regents are in negotiations with the federal government, and the Regents' next meeting begins on November 18. *See id.* at 1-2. If this case is stayed during the next few weeks such that this Court cannot consider Plaintiffs' preliminary injunction motion before the meeting, Plaintiffs will be prejudiced in their ability to obtain timely relief. Plaintiffs and their members would be irreparably harmed should the University of California accede to the federal government's demands, as explained in Plaintiffs' preliminary injunction motion. *See* ECF 31 at 14-20.

The requested stay would delay and potentially thwart judicial review of these important issues and thereby this Court's exercise of its own constitutional functions, for an indeterminate period of time.

For these reasons, the Court should deny Defendants' motion for a stay.

Respectfully submitted,

Dated: October 10, 2025        By: /s/ Stacey M. Leyton
STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
SANDY PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
(415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

SKYE L. PERRYMAN*
sperryman@democracyforward.org
VICTORIA S. NUGENT*
vnugent@democracyforward.org
CYNTHIA LIAO, SBN 301818**
cliao@democracyforward.org
ORLANDO ECONOMOS (admitted *pro hac vice*)
oeconomos@democracyforward.org
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs AAUP, AFT, CNA/NNU, UC-AFT, UAW, and CIR*

VEENA DUBAL, SBN 249268*
vdubal@aaup.org
**AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS**
555 New Jersey Avenue NW, Suite 600
Washington DC 20001

*Counsel for Plaintiff AAUP*

5
PLAINTIFFS' OPPOSITION TO MOTION TO STAY
IN LIGHT OF LAPSE OF APPROPRIATIONS                    Case No. 3:25-cv-07864-RFL

1    /s/ Eleanor Morton
ELEANOR MORTON
emorton@leonardcarder.com
KATE HALLWARD
khallward@leonardcarder.com
ARTHUR LIOU
DAliou@leonardcarder.com
HUGH SCHLESINGER
Hschlesinger@leonardcarder.com
**LEONARD CARDER LLP**
1999 Harrison Street, Suite 2700
Oakland, CA 94612
(510) 272-0169

Counsel for Plaintiffs UPTE, AFSCME Local 3299, UC-AFT, CUCFA, and each of the UC Campus Faculty Associations

/s/ Margo A. Feinberg
MARGO A. FEINBERG
margo@ssdslaw.com
DANIEL E. CURRY
dec@ssdslaw.com
**SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP**
888 W. 6th Street, 12th Floor
Los Angeles, California 90017-2738
(323) 655-4700

Counsel for Plaintiff UAW Local 4811

NICOLE J. DARO, SBN 276948
ndaro@calnurses.org
**CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES UNITED**
155 Grand Ave.
Oakland, CA 94612
(510) 207-8291

Counsel for Plaintiff CNA/NNU

/s/ Susan K. Garea
SUSAN K. GAREA
sgarea@beesontayer.com
**BEESON, TAYER & BODINE**
492 Ninth Street, Suite 350
Oakland, CA 94607
(510) 625 9700

Counsel for Plaintiff Teamsters Local 2010

6

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
IN LIGHT OF LAPSE OF APPROPRIATIONS                               Case No. 3:25-cv-07864-RFL

HANNAH M. SHIREY, SBN 332187
hshirey@cirseiu.org
**COMMITTEE OF INTERNS AND RESIDENTS/SEIU**
10-27 46th Avenue, Suite 300-2
Long Island City, NY 11101
Tel: (212) 356-8100

*Counsel for Plaintiff CIR*

*\* Pro hac vice application forthcoming*
*\*\* Pro hac vice application pending*

PLAINTIFFS' OPPOSITION TO MOTION TO STAY
IN LIGHT OF LAPSE OF APPROPRIATIONS

Case No. 3:25-cv-07864-RFL