BRETT A. SHUMATE
Assistant Attorney General
JOSEPH BORSON
Assistant Branch Director
HEIDY L. GONZALEZ (FL Bar #1025003)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity As President of the United States, *et al.*,<br><br>    Defendants. | CASE NO. 3:25-cv-07864-RFL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ADMINISTRATIVE MOTION FOR A STAY IN LIGHT OF LAPSE OF APPROPRIATIONS** |

Defendants hereby file this reply memorandum to respond to Plaintiffs' opposition to their motion to stay. In support of their stay motion, Defendants make four points.

First, as previously noted, ECF No. 35, the Anti-Deficiency Act requires that absent an appropriation, Department of Justice attorneys and employees of the Defendant agencies are prohibited from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*. Defendants respectfully submit that responding to Plaintiffs' motion for a preliminary injunction—after this Court has already entered injunctive relief in *Thakur* that sufficiently addresses Plaintiffs' claimed harm—does not constitute such an emergency. "Plaintiffs challenge the $584 million in funding suspended by NIH, NSF, and DOE." Opp. at 3. But the Court has already granted injunctive relief as to NIH and NSF. *Thakur v. Trump*, No. 25-cv-04737-RFL, 2025 WL 1734471 (N.D. Cal. June 23, 2025); *Thakur v. Trump*, No. 25-CV-04737-RFL, 2025 WL 2696424

(N.D. Cal. Sept. 22, 2025). Although DOE was also "named in the [*Thakur*] lawsuit, no class was certified because no named Plaintiff had experienced a grant termination by th[at] agenc[y]." *Thakur*, 2025 WL 2696424, at *2. Here, too, Plaintiffs' preliminary injunction motion and supporting declarations are devoid from any evidence that Plaintiffs or any of their members experienced any DOE grant terminations. Plaintiffs exclusively rely on the termination notices sent by DOE to UC, not directly to any named Plaintiff. *See* Prel. Inj. Mot. at 12.

To be clear, Defendants recognize that if this Court orders otherwise, they will be required to—and will—comply with this Court's order. But that fact does not render the Anti-Deficiency Act a nullity that can be overridden as a matter of course without consideration of the applicable statutory factors. *See, e.g., Rubin v. Islamic Rep. of Iran*, 583 U.S. 202, 213 (2018) (noting that "one of the most basic interpretive canons . . . is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). For that reason, a number of district courts have granted stays of non-emergency civil litigation during the length of the lapse in appropriations. *See, e.g.*, In re: Certain Matters Pending Before the United States District Court for the Western District of Pennsylvania Relative to the Lapse of Appropriations of October 1, 2025, Misc No. 25-mc-1098 (W.D. Pa. Oct. 3, 2025); General Order Holding in Abeyance Civil Matters Involving the United States as a Party, Am. Gen. Order 25-0024 (N.D. Ill. Oct. 2, 2025); In re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations, Standing Order No. 25-55 (JEB) (D.D.C. Oct. 1, 2025). Here, the Anti-Deficiency Act's factors are not satisfied, nor have Plaintiffs shown that such an emergency is present.

Second, in citing contingency plans governing legal staff, Plaintiffs ignore that the same procedures do not necessarily apply to non-legal staff that is required to gather necessary facts. For example, staff at each agency's grant office, which is necessary to compile key case material, remain furloughed.

Third, Plaintiffs' suggestion that the Court should enter a ruling within 4 days of the preliminary injunction hearing because the ruling could potentially inform a University of California Regents' meeting rumored to begin on November 18 is insufficient to overcome the mandates of the Anti-

Deficiency Act. *See* Mot. at 4. The Court has already ruled on the subject conduct and Plaintiffs have not sufficiently demonstrated that the Court's assessment of Plaintiffs' additional legal theories will impact the equities that may be discussed at a potential third-party meeting, or yield any concrete consequences. And neither the University of California Regents nor the University of California broadly are parties to this suit, and thus have apparently not perceived that deadline as warranting emergency injunctive relief.

Fourth, Plaintiffs assert that a "open-ended stay request, if granted, would prolong the irreparable First Amendment harms Plaintiffs and their members are experiencing," Mot. at 4, but that fear is speculative. There has been no prolonged delay, and Plaintiffs would remain free to seek appropriate relief in the appropriate context, including a motion to lift a stay for good cause shown. To the extent the Court declines to enter a stay, Defendants respectfully request that, at a minimum, the Court grant Defendants an additional 14 days to respond to Plaintiffs' motion in order to afford Defendants an opportunity to navigate agency furloughs and gather necessary facts. Notably, although Plaintiffs opposed postponement of the deadlines for the Joint Case Management Statement and Initial Case Management Conference, they made no mention of those deadlines in their opposition. Defendants, therefore, maintain that those deadlines should be stayed as set forth in their stay motion.

DATED: October 11, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSEPH BORSON
Assistant Branch Director

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ (FL Bar #1025003)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

DEFENDANTS' REPLY ISO STAY MOTION
25-CV-07864-RFL