UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | Case No. 25-cv-07864-RFL <br><br> **ORDER GRANTING MOTION TO FILE UNDER SEAL; DENYING MOTION TO STAY; AND SETTING HEARING DATE AND BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** <br><br> Re: Dkt. Nos. 26, 30, 33, 35, 37 |

On October 9, 2025, Plaintiffs filed a Motion for a Preliminary Injunction. (Dkt. No. 26, "PI Motion.") Plaintiffs concurrently filed a motion for leave to file under seal certain declarations and references thereto, and to permit certain declarants to proceed pseudonymously. (Dkt. No. 30.) Because Plaintiffs have shown that compelling reasons exist to seal the relevant documents, and that it is appropriate to permit four declarants to proceed pseudonymously, the unopposed motion is **GRANTED**. The declarations listed in Docket No. 30-2 at 3–4 shall remain sealed, and Plaintiffs are granted leave to file four declarations pseudonymously: UPTE Doe, CIR Doe, Local 4811 Doe, and UCLA-FA Doe. All references to the content of those declarations and to declarants' names shall be filed under seal. Counsel for Defendants may review the sealed documents, but may not disclose them to Defendants.

Defendants have moved to stay their deadline to respond to the PI Motion, and to file a case management statement, until the "shutdown of the federal government has come to an end." (Dkt. No. 35 at 1.) The motion is **DENIED**. Plaintiffs seek preliminary injunctive relief based

1

on their claims that Defendants have unlawfully terminated millions of dollars of grants funding their work, and will continue to do so, causing what Plaintiffs contend is irreparable harm. Defendants have not committed to voluntarily forbear from the challenged funding terminations during the government shutdown.  (Dkt. No. 38 at 2–3.)  As it appears that Defendants have the resources to continue terminating grants despite the lapse in appropriations, they must also allocate resources to defend the legality of those terminations in court.  Furthermore, Defendants acknowledge that, if ordered to do so by the Court, their counsel is authorized to continue to litigate this case.  (Dkt. No. 39 at 2.)  For these reasons, a stay is not appropriate at this time.  *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

In the alternative, Defendants request "an additional 14 days to respond to Plaintiffs' [PI Motion] in order to afford Defendants an opportunity to navigate agency furloughs and gather necessary facts."  (Dkt. No. 39 at 3.)  However, Defendants have not provided any specific information or evidence as to how those furloughs will impede their ability to gather the facts to oppose the motion on the standard briefing timeline.  As such, Defendants have not carried their burden as to the requested extension.  *See* N.D. Cal. Civil L. R. 6-3(a) (a party seeking to enlarge time must "[s]et[] forth with particularity the reasons for the requested enlargement" and "[i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time").  The request is therefore denied.

The parties' joint stipulation regarding the briefing schedule (Dkt. No. 37) is **GRANTED**.  The deadline for Defendants to file any response or opposition to Plaintiffs' PI Motion is **October 24, 2025**.  Plaintiffs' reply shall be due by **October 31, 2025**.  A hearing on the PI Motion is set for **November 6, 2025, at 10:00 a.m.**[1]  By **October 31, 2025**, the parties

---

[1] Plaintiffs' motion to specially set a hearing date (Dkt. No. 33) is **DENIED AS MOOT**.

shall submit a joint statement indicating whether they intend to call any witnesses to testify at the hearing on the PI Motion. The statement shall list all witnesses who will be called, what topics each witness will testify to, and the estimated length of the testimony. The deadline to file a case management statement, and the initial case management conference, are **VACATED**, and will be reset by the Court.

**IT IS SO ORDERED.**

Dated: October 14, 2025

RITA F. LIN
United States District Judge