STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
ALEXANDER PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-07864-RFL <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br><br> Judge: Hon. Rita F. Lin <br> Ctrm: 15, 18th Floor |

Pursuant to the Court's November 14, 2025 order directing the parties to submit a joint statement including a proposed case management schedule, ECF 92; the Court's December 4, 2025 Order setting a December 12, 2025 deadline for such a statement, ECF 102; the Standing Order for All Judges of the Northern District of California; Federal Rules of Civil Procedure 16(b) and 26(f); and Civil Local Rule 16-9, Plaintiffs and Defendants submit this Joint Case Management Statement.

I.   **Jurisdiction and Service**

Plaintiffs assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States, including the Administrative Procedure Act, 5 U.S.C. §§551 *et seq.*, and 5 U.S.C. §§702, 704. Defendants maintain that the Court does not have subject-matter jurisdiction over Plaintiffs' claims for the reasons articulated in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF 61.

All Defendants have been served.

II.   **Factual Background**

<u>Plaintiffs' Statement</u>: The facts relevant to this case are addressed at length in Plaintiffs' briefing on their motion for a preliminary injunction and the Court's order resolving that motion. ECF 31 at 2-20; ECF 75 at 1-2; ECF 90 at 7-23. Briefly, Plaintiff labor unions and associations representing tens of thousands of faculty, graduate student workers, academic employees, medical residents, and staff throughout the University of California ("UC") system allege that Defendant government officials and agencies have subjected UC to a policy of using legal and financial sanctions and threats under the guise of civil rights enforcement to coerce UC into adopting the Trump administration's preferred ideological views. Under this policy, in late July 2025, Defendants National Science Foundation ("NSF"), National Institutes of Health ("NIH"), and Department of Energy ("DOE") summarily terminated $584 million in federal grant funding to the University of California Los Angeles ("UCLA") for alleged violations of Titles VI and IX without following the procedures required by Titles VI and IX, and NSF froze on an ongoing basis further grant applications submitted by UCLA researchers. On August 8, 2025, Defendant Department of Justice sent a demand that UCLA pay more than $1 billion to restore the $584 million in terminated funds and adopt a suite of policies favored by the Trump administration, including, among others, review of campus policies addressing diversity, equity, and inclusion and curricular changes;

restrictions on campus protests; a prohibition on the recruitment or admission of international students "likely to engage in anti-Western, anti-American, or antisemitic disruptions or harassment"; appointment of a monitor with significant authority over campus affairs; and a ban on gender-affirming medical care at UCLA-affiliated medical facilities. Defendants have made clear through their public comments and pending investigations that the entire UC system is under threat. Plaintiffs and their members have suffered irreparable harm as a result of Defendants' conduct, including professional and reputational harms due to Defendants' previous and threatened grant cuts and the significant chilling of speech and academic freedom on campus.

Defendants' Statement: Plaintiffs are labor unions and associations that seek retrospective and prospective relief relating to grants issued by Executive Branch agencies to UC across ten campuses, three national affiliate laboratories, six academic health centers, and numerous unidentified institutes, centers, and research laboratories across California. Plaintiffs have only identified a few specific grants that were suspended by three agencies months ago and were largely re-instated by this Court in *Thakur*—presumably because many of the *Thakur* class members are also members of at least one of the named Plaintiffs in this case. In August, the federal government made a settlement offer to UC to resolve an ongoing investigation into UC's response to antisemitic conduct on its campuses. Plaintiffs' fears about future grant suspensions and their claims about the likelihood of constitutional violations are based entirely on speculation about that opening settlement offer between the federal government and UC (which is not a party to this case), which has never had any legal effect. Settlement negotiations are ongoing, UC has not accepted any terms, and no agreement has been finalized.

## III. Legal Issues

As more fully set forth in the Amended Complaint and Plaintiffs' motion for a preliminary injunction, Plaintiffs contend that Defendants' campaign targeting UC violates: the First Amendment because it is unconstitutionally coercive, *see, e.g.*, *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 190 (2024), retaliatory, and discriminatory on the basis of content and viewpoint; the constitutional separation of powers; the prohibition against imposing unconstitutional conditions, *see, e.g.*, *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 570 U.S. 205, 214 (2013); the Tenth Amendment and Spending Clause, *see, e.g.*, *Nat'l Fed. Indt. Bus. v. Sebelius*, 567 U.S. 519, 580-81, 84 (2012); the Fifth Amendment Due

Process Clause; and the Administrative Procedure Act, 5 U.S.C. §706, on the grounds that Defendants' conduct is contrary to law and arbitrary and capricious. Plaintiffs further contend that this Court has jurisdiction to adjudicate all of Plaintiffs' claims.

Defendants maintain that the Court does not have subject-matter jurisdiction over Plaintiffs' claims and that all claims fail on the merits. *See* ECF 61.

### IV. Compliance Update

Defendants' position is that all requirements of the preliminary injunction have been fully implemented. Following the Court's preliminary injunction orders in *Thakur*, NIH and NSF re-instated the grants to UC that were suspended in July 2025.

Moreover, counsel for Defendants reports that, following the Court's November 14, 2025 order granting Plaintiffs' motion for a preliminary injunction in this case, DOE reinstated the two grants to UC that the agency had previously suspended and that were not subject to the *Thakur* preliminary injunction order. Defense counsel further reports that DOE intends to continue working collaboratively with UCLA to finalize the novation process for a third award related to administering the Collaborative Ecosystems Smart Manufacturing Innovation Institute.

NSF reports that it has communicated the preliminary injunction order to the relevant parties. NSF also reports that there are no holds, restrictions, or related policies with respect to any grant proposals or awards submitted by or awarded to UCLA or the UC system. NSF further reports that the five specific NSF grant proposals mentioned in Plaintiffs' declarations in support of their preliminary injunction motion were not awarded by the end of FY25, and are now under review pursuant to the FY26 budget parameters. NSF emphasizes that a program officer's recommendation of a grant proposal does not equate to funding of that proposal, but that when recommended proposals are not funded by the close of the FY, they do not lose "recommended" status. Instead, those proposals and associated recommendations are considered for funding in view of the new FY parameters. Accordingly, UC-associated proposals that received a Program Officer recommendation prior to the end of FY25 still remain in that status and will be considered for FY26 funding in accordance with the agency's ordinary awarding process.

Plaintiffs are assessing NSF's representations regarding compliance. As of December 10, 2025, NSF has awarded two of the five grants specifically identified in Plaintiffs' declarations.

## V. Motions

The Court granted Plaintiffs' motion for a preliminary injunction on November 14, 2025. No motions are currently pending.

Plaintiffs anticipate filing a motion for summary judgment after Defendants produce the Administrative Record and respond to Plaintiffs' discovery requests. Plaintiffs reserve the right to file motions related to compliance with the preliminary injunction, discovery, and the Administrative Record.

In light of the extensive preliminary injunction briefing and to streamline proceedings in this case, Defendants proposed to Plaintiffs converting the preliminary injunction order to a final judgment. Defendants expressed that they were open to negotiating stipulations that would afford Plaintiffs the relief they seek as part of the conversion of the preliminary injunction.

Plaintiffs rejected Defendants' proposal on the ground that—notwithstanding the ample record supporting the preliminary injunction currently in place—Plaintiffs are entitled to production of the administrative records and to take discovery on their claims, and to seek final judgment based on that complete record.

Given Plaintiffs' position, Defendants submit that this case can be fully resolved on summary judgment following production of the administrative record and that discovery is not necessary to resolve Plaintiffs' claims.

The Parties agree that Defendants' answer deadline may be stayed until 30 days following the Court's resolution of motions for summary judgment if those motions do not fully resolve this case.

## VI. Amendment of Pleadings

Plaintiffs do not have present plans to amend the operative complaint but reserve the right to amend the complaint consistent with the Federal Rules of Civil Procedure. Plaintiffs propose that the deadline to amend the pleadings be 60 days after the initial Case Management Conference scheduled by the Court.

Defendants propose an amendment deadline before the administrative record production deadline to ensure that the administrative record fully captures Plaintiffs' claims.

### VII. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### VIII. Disclosures

Plaintiffs propose that the parties exchange the information required by Federal Rule of Civil Procedure 26(a)(1)(A)(i) by December 18, 2025; that Defendants provide the information required by Rule 26(a)(1)(A)(ii) on the date on which they produce their respective Administrative Records; and that Plaintiffs provide the information required by Rule 26(a)(1)(A)(ii) on the first Administrative Record production deadline.

Defendants assert that, pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i), actions for review on an administrative record are exempt from initial disclosure. Defendants propose that the parties confer regarding the information required by Federal Rules of Civil Procedure 26(a)(1)(A)(i) and 26(a)(1)(A)(ii) following production of all administrative records. Defense counsel is unable to meet Plaintiffs' proposed December 18, 2025 deadline. Counsel currently does not have enough information to provide any initial disclosures because that relevant information will be compiled during the agencies' preparation of the administrative records. Indeed, the administrative records may obviate the need for disclosures, which is precisely what Rule 26(a)(1)(B)(i) envisions.

Neither party is seeking damages, and there are no relevant insurance agreements to disclose.

### IX. Discovery

Plaintiffs propose that production of the Administrative Record and discovery on their *ultra vires* claims occur simultaneously. Plaintiffs bring both APA and *ultra vires* claims, and for that reason are entitled to discovery and the parties are required to make initial disclosures. The Ninth Circuit has made clear that *ultra vires* and APA claims may be litigated in parallel; one does not displace the other. *See Sierra Club v. Trump*, 963 F.3d 874, 888-93 (9th Cir. 2020), *judgment vacated on other grounds, sub nom. Biden v. Sierra Club*, 142 S.Ct. 46 (2021); *Sierra Club v. Trump*, 929 F.3d 670, 699 (9th Cir. 2019). And when a plaintiff challenges actions by federal officials and agencies "not merely under the APA, but

also as exceeding lawful authority and therefore ultra vires…. [r]eview of an ultra vires challenge would not be limited to an administrative record." *American Fed. of Gov't Employees v. Trump*, 155 F.4th 1082, 1093 (9th Cir. 2025). Plaintiffs have agreed that Defendants may prioritize production of the Administrative Record for Defendants Department of Justice, Department of Education, Department of Health and Human Services (including National Institutes of Health), National Science Foundation, Department of Energy, and General Services Administration, based on all other Defendants' representation that they have not engaged in, are not currently engaging in, and will not while the preliminary injunction is in place engage in disfavored treatment of grant applications submitted by or grants issued to the University of California. The parties are negotiating the contents of the Administrative Record and exploring whether they can agree on an initial limited discovery production. Plaintiffs have not yet served discovery requests.

Defendants assert that a "court reviewing agency action under the APA must limit its review to the administrative record." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014). Judicial review based on the administrative record remains the rule even if a plaintiff brings *ultra vires* constitutional claims. See *FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 469 (1984) (appellate court may "fairly [] evaluate" a claim of ultra vires agency action on direct review under the APA). Defendants have proposed negotiations on the scope and breadth of the administrative record to streamline document production and obviate the need for discovery. Defendants reserve all rights to seek relief from any discovery obligation should the parties not be able to reach an agreement on the scope of any discovery.

Plaintiffs propose that they be permitted to depose each named Defendant without seeking leave of Court even if such depositions result in more than ten depositions being taken by plaintiffs. Plaintiffs otherwise do not propose to modify the discovery limitations included in the Federal Rules. Defendants oppose any depositions in this case and request that leave of court be required prior to Plaintiffs' noticing of any depositions.

The parties do not at this time believe it is necessary to enter into a stipulated e-discovery order but have agreed that documents will be produced in a searchable format whenever possible, that

- 6 -
JOINT CASE MGMT. STATEMENT                                                  Case No. 3:25-cv-07864-RFL

spreadsheets and datasets will be produced in Excel, .csv, or similar native formats, and that metadata pertaining to documents will be produced intact.

## X. Class Actions

This case is not a class action.

## XI. Related Cases

As this Court has determined, the present case is related to *Thakur v. Trump*, Case No. 25-cv-04737-RFL. ECF 7.

## XII. Relief

Plaintiffs seek declaratory and injunctive relief as further specified in their Prayer for Relief; vacatur and set-aside of Defendants' termination and freezing of federal funds pursuant to the July 30-August 1, 2025 letters to UCLA and Defendants' Task Force Policy; an award of reasonable attorneys' fees and costs; and such other relief as the Court deems just and proper. ECF 24 pp. 117-120 (Prayer for Relief).

Defendants dispute that Plaintiffs are entitled to any relief in this case.

## XIII. Settlement and ADR

The parties have not engaged in ADR. Plaintiffs have filed ADR certifications in compliance with Civil L.R. 16-8(b) and ADR L.R. 3-5(b). The parties will be prepared to discuss settlement and ADR options at the initial case management conference.

Plaintiffs believe that the ADR process most likely to be helpful to the parties' settlement efforts is a settlement conference with a Magistrate Judge. Plaintiffs believe such a conference would be most productive after production of the Administrative Record and responses to Plaintiffs' discovery requests, on a date convenient for the Magistrate Judge after the close of fact discovery.

Given the legal issues implicated in this case, Defendants do not believe that ADR will be productive or necessary. Defendants propose proceeding directly to summary judgment without any interim settlement conference. Plaintiffs believe the parties should meet and confer regarding whether ADR would be productive shortly before commencing briefing on motions for summary judgment.

### XIV. Other References

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. Narrowing of Issues

The parties anticipate exploring whether it is possible to stipulate to certain facts and thereby streamline the proceedings. The parties do not believe it is otherwise possible to narrow the issues by agreement at this time.

Defendants have already offered conversion of the preliminary injunction to a final judgment. As part of that proposal, Defendants expressed a willingness to discuss potential stipulations that could eliminate the need for further proceedings in the district court.

Plaintiffs declined to pursue this option, as Plaintiffs are entitled to production of the administrative records and to take discovery on their claims. Plaintiffs are of course willing to discuss with Defendants possible stipulations that may streamline the issues in dispute, including, for example, a stipulation that the Task Force Policy is final agency action.

### XVI. Scheduling

The parties jointly propose that they proceed on the following initial schedule. The parties propose that they present a summary judgment briefing schedule and their positions on the remaining case deadlines after Defendants produce the Administrative Records and the parties have had a chance to meet and confer regarding the completeness of the Administrative Records and any requests to supplement them.

- Deadline for Production of Administrative Records as to Defendants Department of Health and Human Services (including NIH), Department of Justice, Department of Education, NSF, DOE, General Services Administration: rolling production between January 16 and 30, 2026. The parties will continue to negotiate which agencies will produce Administrative Records on which dates.
- Deadline for Production of Administrative Records as to remaining Defendants: February 13, 2026

- Deadline to Meet and Confer Regarding Completeness of Administrative Records and Requests to Supplement: February 27, 2026
- Deadline to Propose Schedule for Any Motions Related to the Administrative Records and Motions for Summary Judgment: March 10, 2026

## XVII. Trial

If not resolved on summary judgment, the case will be tried to the Court. The parties suggest that consideration of trial format and duration be deferred until after the close of discovery and disposition of any summary judgment motions.

## XVIII. Disclosure of Non-Party Interested Entities or Persons

All Plaintiffs have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. ECF 6, 96. As stated in those Certifications, Plaintiffs are not aware of any conflict or interest (other than the named parties) to report.

## XIX. Professional Conduct

Attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. Such Other Matters as May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter

The parties have not identified any such other matters at this time.

Respectfully submitted,

Dated: December 12, 2025        By: */s/ Amanda C. Lynch*
STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
ALEXANDER PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108

(415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

SKYE L. PERRYMAN*
sperryman@democracyforward.org
VICTORIA S. NUGENT, *admitted pro hac vice*
vnugent@democracyforward.org
CYNTHIA LIAO, SBN 301818
cliao@democracyforward.org
ORLANDO ECONOMOS, *admitted pro hac vice*
oeconomos@democracyforward.org
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs AAUP, AFT, CNA/NNU, UC-AFT, UAW, and CIR*

VEENA DUBAL, SBN 249268*
vdubal@aaup.org
**AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS**
555 New Jersey Avenue NW, Suite 600
Washington DC 20001
(202) 737-5900

*Counsel for Plaintiff AAUP*

By: */s/ Eleanor Morton*
ELEANOR MORTON, SBN 220407
emorton@leonardcarder.com
KATE HALLWARD, SBN 233419
khallward@leonardcarder.com
ARTHUR LIOU, SBN 252690
aliou@leonardcarder.com
HUGH SCHLESINGER, SBN 353569
hschlesinger@leonardcarder.com
**LEONARD CARDER LLP**
1999 Harrison Street, Suite 2700
Oakland, CA 94612
(510) 272-0169

*Counsel for Plaintiffs UPTE, AFSCME Local 3299, UC-AFT, CUCFA, and each of the UC Campus Faculty Associations*

By: /s/ Margo Feinberg
MARGO A. FEINBERG, SBN 100655
margo@ssdslaw.com
DANIEL E. CURRY, SBN 297412
dec@ssdslaw.com
**SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP**
888 W. 6th Street, 12th Floor
Los Angeles, California 90017-2738
(323) 655-4700

*Counsel for Plaintiff UAW Local 4811*

NICOLE J. DARO, SBN 276948
ndaro@calnurses.org
**CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES UNITED**
155 Grand Ave.
Oakland, CA 94612
(510) 207-8291

*Counsel for Plaintiff CNA/NNU*

By: /s/ Susan K. Garea
SUSAN K. GAREA, SBN 260407
sgarea@beesontayer.com
**BEESON, TAYER & BODINE**
492 Ninth Street, Suite 350
Oakland, CA 94607
(510) 625 9700

*Counsel for Plaintiff Teamsters Local 2010*

HANNAH M. SHIREY, SBN 332187
hshirey@cirseiu.org
**COMMITTEE OF INTERNS AND RESIDENTS/SEIU**
10-27 46th Avenue, Suite 300-2
Long Island City, NY 11101
(212) 356-8100

*Counsel for Plaintiff CIR*

\*   Pro hac vice application forthcoming

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

/s/ Heidy L. Gonzalez
HEIDY L. GONZALEZ
(FL. Bar No. 1025003)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*

## ATTESTATION

I attest that each of the other signatories have concurred in the filing of the document.

Dated: December 12, 2025        By: /s/ Amanda C. Lynch