STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
ALEXANDER PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

[Additional counsel on signature page]

BRETT A. SHUMATE
Assistant Attorney General
JOSEPH BORSON
Assistant Branch Director
HEIDY L. GONZALEZ (FL Bar #1025003)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-07864-RFL<br><br>**STIPULATION AND [PROPOSED] ORDER FOR INDICATIVE RULING**<br><br>Judge:  Hon. Rita F. Lin<br>Ctrm:   15, 18th Floor |

Pursuant to Civil Local Rule 7-12, the parties hereby stipulate as follows:

WHEREAS on October 10, 2025, Plaintiffs moved for a preliminary injunction in this case (ECF 26); and

WHEREAS the parties briefed the motion and a hearing was held on November 6, 2025; and

WHEREAS this Court entered an order granting a preliminary injunction and issued an accompanying opinion on November 14, 2025 (ECFs 90, 91); and

WHEREAS Defendants timely appealed that preliminary injunction order on January 13, 2026 (ECF 106); and

WHEREAS Federal Rule of Civil Procedure 62.1(a) provides that if a Court lacks authority to grant certain relief because of a pending appeal, the Court has the authority to "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue"; and

WHEREAS "under [this rule], a district court may indicate to the court of appeals that it would alter its ruling if the case were remanded for that purpose," *Silbersher v. Allergan Inc.*, No. 18-cv-03018-JCS, 2024 WL 2044626, *1 (N.D. Cal. May 7, 2024); and

WHEREAS granting such a motion may "avoid wasting Ninth Circuit judicial resources and party resources, as well as reduce any delay in the resolution of [a] case," *Slaten v. Christian Dior Perfumes, LLC*, No. 23-cv-00409-JSC, 2024 WL 4642873, *4 (N.D. Cal. 2024); and

WHEREAS that rule further requires that if "the district court states that it would grant the motion or that the motion raises a substantial issue," the requesting party "must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1"; and

WHEREAS the parties have met and conferred and reached an agreement to jointly request that this Court issue an indicative ruling stating that if the appeal were dismissed, allowing this Court to regain jurisdiction over the preliminary injunction order, the Court would modify paragraphs 2 through 4 of the preliminary injunction; and

WHEREAS Defendants have agreed that if the Court grants this request for an indicative ruling, Defendants will seek to dismiss their appeal of the preliminary injunction;

The parties hereby jointly request that the Court enter the accompanying [proposed] order.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: February 5, 2026 | By: /s/ Stacey M. Leyton |
| | | STACEY M. LEYTON, SBN 203827 |
| 3 | | sleyton@altber.com |
| | | BARBARA J. CHISHOLM, SBN 224656 |
| 4 | | bchisholm@altber.com |
| | | CONNIE K. CHAN, SBN 284230 |
| 5 | | cchan@altber.com |
| | | AMANDA C. LYNCH, SBN 318022 |
| 6 | | alynch@altber.com |
| | | JUHYUNG H. LEE, SBN 315738 |
| 7 | | hlee@altber.com |
| | | ALEXANDER PECHT, SBN 355877 |
| 8 | | specht@altber.com |
| | | **ALTSHULER BERZON LLP** |
| | | 177 Post St., Suite 300 |
| 9 | | San Francisco, CA 94108 |
| | | (415) 421-7151 |
| 10 | | |
| 11 | | *Counsel for Plaintiffs AAUP, AFT,* |
| | | *UC-AFT, CNA/NNU, UAW, and CIR* |
| 12 | | |
| | | By: /s/ Heidy L. Gonzalez |
| 13 | | BRETT A. SHUMATE |
| | | Assistant Attorney General |
| 14 | | JOSEPH BORSON |
| | | Assistant Branch Director |
| 15 | | HEIDY L. GONZALEZ (FL Bar #1025003) |
| 16 | | United States Department of Justice |
| | | Civil Division, Federal Programs Branch |
| 17 | | 1100 L Street NW |
| | | Washington, DC 20530 |
| 18 | | Tel: (202) 598-7409 |
| | | Email: heidy.gonzalez@usdoj.gov |
| 19 | | |
| 20 | | *Counsel for Defendants* |
| 21 | | SKYE L. PERRYMAN* |
| | | sperryman@democracyforward.org |
| 22 | | VICTORIA S. NUGENT, *admitted pro hac vice* |
| | | vnugent@democracyforward.org |
| 23 | | CYNTHIA LIAO, SBN 301818 |
| 24 | | cliao@democracyforward.org |
| | | ORLANDO ECONOMOS, *admitted pro hac vice* |
| 25 | | oeconomos@democracyforward.org |
| | | **DEMOCRACY FORWARD FOUNDATION** |
| 26 | | P.O. Box 34553 |
| | | Washington, DC 20043 |
| 27 | | (202) 448-9090 |
| 28 | | |
| | | *Counsel for Plaintiffs AAUP, AFT,* |

*UC-AFT, CNA/NNU, UAW, and CIR*

VEENA DUBAL, SBN 249268*
vdubal@aaup.org
**AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS**
555 New Jersey Avenue NW, Suite 600
Washington DC 20001
(202) 737-5900

*Counsel for Plaintiff AAUP*

By: /s/ Eleanor Morton
ELEANOR MORTON, SBN 220407
emorton@leonardcarder.com
KATE HALLWARD, SBN 233419
khallward@leonardcarder.com
ARTHUR LIOU, SBN 252690
aliou@leonardcarder.com
HUGH SCHLESINGER, SBN 353569
hschlesinger@leonardcarder.com
**LEONARD CARDER LLP**
1999 Harrison Street, Suite 2700
Oakland, CA 94612
(510) 272-0169

*Counsel for Plaintiffs UPTE, AFSCME Local 3299, UC-AFT, CUCFA, and each of the UC Campus Faculty Associations*

By: /s/ Margo A. Feinberg
MARGO A. FEINBERG, SBN 100655
margo@ssdslaw.com
DANIEL E. CURRY, SBN 297412
dec@ssdslaw.com
**SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP**
888 W. 6th Street, 12th Floor
Los Angeles, California 90017-2738
(323) 655-4700

*Counsel for Plaintiff UAW Local 4811*

NICOLE J. DARO, SBN 276948
ndaro@calnurses.org
**CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES UNITED**
155 Grand Ave.
Oakland, CA 94612
(510) 207-8291

*Counsel for Plaintiff CNA/NNU*

By: /s/ *Susan K. Garea*
SUSAN K. GAREA, SBN 260407
sgarea@beesontayer.com
**BEESON, TAYER & BODINE**
492 Ninth Street, Suite 350
Oakland, CA 94607
(510) 625 9700

*Counsel for Plaintiff Teamsters Local 2010*

HANNAH M. SHIREY, SBN 332187
hshirey@cirseiu.org
**COMMITTEE OF INTERNS AND RESIDENTS/SEIU**
10-27 46th Avenue, Suite 300-2
Long Island City, NY 11101
(212) 356-8100

*Counsel for Plaintiff CIR*

\*   *Pro hac vice application forthcoming*

# [PROPOSED] ORDER

Upon consideration of the parties' jointly submitted Stipulation and [Proposed] Order for Indicative Ruling, the parties' Stipulation is granted. Defendants have stated that they would seek dismissal of their appeal of the Order Granting Preliminary Injunction, ECF Nos. 90 and 91 (*see* ECF No. 106), if this Court indicated that it would modify paragraphs 2, 3, and 4 of its preliminary injunction in accordance with the parties' Stipulation. The Court anticipates that it would modify the preliminary injunction if the Ninth Circuit remands this action for that purpose. Specifically, the Court would strike paragraph 4 and would modify paragraphs 2 and 3 the Preliminary Injunction Order (ECF No. 91), as follows:

2. Defendants are **ENJOINED** and/or **STAYED** from seeking payments of or imposing penalties or fines or any other monies from the UC or any of its campuses or affiliated medical centers in connection with any civil rights investigation under Title VI, VII, or IX or violations of Title VI, VII, and IX. <u>This provision does not prohibit the voluntary resolution of civil rights investigations and litigations with respect to UC under Titles VI, VII, or IX so long as Defendants comply with all relevant procedural and substantive requirements under those statutes in initiating civil rights investigations and in procuring voluntary compliance, and seek only those remedies that are consistent with these civil rights laws.</u>

3. Defendants are **ENJOINED** and/or **STAYED** from <u>violating the First Amendment or Tenth Amendment by</u> refusing to grant, non-renewing, withholding, freezing, suspending, terminating, conditioning, or otherwise restricting use of federal funds to the UC, or threatening to do so, to coerce the UC <u>to agree to any of the terms contained in the August 8, 2025 settlement offer, or substantially similar terms, or pursuant to the "Task Force Policy," as defined on page 10 of the Court's memorandum and order, ECF No. 90.</u>[1]

---

[1] That language is as follows: "At stage one, a Task Force Agency announces investigations or planned enforcement actions related to alleged civil rights violations at a school. At stage two, Funding Agencies cancel the school's federal grants *en masse* without following Title VI and IX procedural requirements or limiting the scope of the terminations to non-compliant programs. At stage three, DOJ demands the payment of millions or billions of dollars—a penalty that Title VI and IX do not authorize—and requires a wide range of policy changes as a condition for restoring funding and avoiding further funding disruptions."

IT IS SO ORDERED.

DATED: _____

HON. RITA F. LIN
United States District Judge