STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
ALEXANDER PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

BRETT A. SHUMATE
Assistant Attorney General
JOSEPH BORSON
Assistant Branch Director
HEIDY L. GONZALEZ (FL Bar #1025003)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-07864-RFL<br><br>**[PROPOSED] ORDER ON STIPULATION FOR INDICATIVE RULING**<br><br><br>Judge:   Hon. Rita F. Lin<br>Ctrm:    15, 18th Floor |

**[PROPOSED] ORDER**

Upon consideration of the parties' jointly submitted Stipulation and [Proposed] Order for Indicative Ruling, the parties' Stipulation is granted. Defendants have stated that they would seek dismissal of their appeal of the Order Granting Preliminary Injunction, ECF Nos. 90 and 91 (*see* ECF No. 106), if this Court indicated that it would modify paragraphs 2, 3, and 4 of its preliminary injunction in accordance with the parties' Stipulation. The Court anticipates that it would modify the preliminary injunction if the Ninth Circuit remands this action for that purpose. Specifically, the Court would strike paragraph 4 and would modify paragraphs 2 and 3 the Preliminary Injunction Order (ECF No. 91), as follows:

2. Defendants are **ENJOINED** and/or **STAYED** from seeking payments of or imposing penalties or fines or any other monies from the UC or any of its campuses or affiliated medical centers in connection with any civil rights investigation under Title VI, VII, or IX or violations of Title VI, VII, and IX. <u>This provision does not prohibit the voluntary resolution of civil rights investigations and litigations with respect to UC under Titles VI, VII, or IX so long as Defendants comply with all relevant procedural and substantive requirements under those statutes in initiating civil rights investigations and in procuring voluntary compliance, and seek only those remedies that are consistent with these civil rights laws.</u>

3. Defendants are **ENJOINED** and/or **STAYED** from <u>violating the First Amendment or Tenth Amendment by</u> refusing to grant, non-renewing, withholding, freezing, suspending, terminating, conditioning, or otherwise restricting use of federal funds to the UC, or threatening to do so, to coerce the UC <u>to agree to any of the terms contained in the August 8, 2025 settlement offer, or substantially similar terms,</u> or pursuant to the "Task Force Policy," as defined on page 10 of the Court's memorandum and order, ECF No. 90.[1]

---

[1] That language is as follows: "At stage one, a Task Force Agency announces investigations or planned enforcement actions related to alleged civil rights violations at a school. At stage two, Funding Agencies cancel the school's federal grants *en masse* without following Title VI and IX procedural requirements or limiting the scope of the terminations to non-compliant programs. At stage three, DOJ demands the payment of millions or billions of dollars—a penalty that Title VI and IX do not authorize—and requires a wide range of policy changes as a condition for restoring funding and avoiding further funding disruptions."

1     IT IS SO ORDERED.

2     DATED: February 6, 2026

```
_____
HON. RITA F. LIN
United States District Judge
```