# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, *et al.*,

                Plaintiffs-Appellees,

                v.

DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*,

                Defendants-Appellants.

No. 26-263

## NOTICE OF INDICATIVE RULING AND STIPULATED DISMISSAL AGREEMENT

Pursuant to Federal Rule of Appellate Procedure 12.1, the parties hereby inform this Court that the district court has indicated that it would modify the preliminary injunction under appeal if the case was remanded for that purpose. Accordingly, pursuant to Federal Rule of Appellate Procedure 42(b)(1), the parties jointly stipulate to dismissing this appeal. Each side agrees to bear its own costs and fees.

1. This appeal arises from a lawsuit brought by labor unions and associations regarding the Federal government's suspension of certain grants to the University of California (UC) in connection with the government's multi-agency Task Force to Combat Antisemitism.

2. On November 14, 2025, the district court granted Plaintiffs' motion for a preliminary injunction and issued an accompanying order. ECF Nos. 90, 91. Defendants timely appealed. ECF No. 106.

3. On February 5, the parties jointly filed a stipulation and proposed order for indicative ruling. ECF No. 110. The stipulation provides that Defendants "would seek dismissal of their appeal of the Order Granting Preliminary Injunction, ECF Nos. 90 and 91 (*see* ECF No. 106), if this Court indicated that it would modify paragraphs 2, 3, and 4 of its preliminary injunction in accordance with the parties' Stipulation." ECF No. 110 at 6.

4. On February 6, 2026, the district court granted the parties' Stipulation. ECF No. 111 (attached). In accordance with the Stipulation, the district court indicated that on remand, it would modify the preliminary injunction as follows:

> The Court anticipates that it would modify the preliminary injunction if the Ninth Circuit remands this action for that purpose. Specifically, the Court would strike paragraph 4 and would modify paragraphs 2 and 3 the Preliminary Injunction Order (ECF No. 91), as follows:
>
> 2. Defendants are **ENJOINED** and/or **STAYED** from seeking payments of or imposing penalties or fines or any other monies from the UC or any of its campuses or affiliated medical centers in connection with any civil rights investigation under Title VI, VII, or IX or violations

2

of Title VI, VII, and IX.  <u>This provision does not prohibit the voluntary resolution of civil rights investigations and litigations with respect to UC under Titles VI, VII, or IX so long as Defendants comply with all relevant procedural and substantive requirements under those statutes in initiating civil rights investigations and in procuring voluntary compliance, and seek only those remedies that are consistent with these civil rights laws.</u>

3. Defendants are **ENJOINED** and/or **STAYED** from <u>violating the First Amendment or Tenth Amendment by</u> refusing to grant, non-renewing, withholding, freezing, suspending, terminating, conditioning, or otherwise restricting use of federal funds to the UC, or threatening to do so, to coerce the UC <u>to agree to any of the terms contained in the August 8, 2025 settlement offer, or substantially similar terms, or pursuant to the "Task Force Policy," as defined on page 10 of the Court's memorandum and order, ECF No. 90.</u>[1]

Footnote 1: <u>That language is as follows: "At stage one, a Task Force Agency announces investigations or planned enforcement actions related to alleged civil rights violations at a school. At stage two, Funding Agencies cancel the school's federal grants *en masse* without following Title VI and IX procedural requirements or limiting the scope of the terminations to non-compliant programs. At stage three, DOJ demands</u>

3

<u>the payment of millions or billions of dollars—a penalty that Title VI and IX do not authorize—and requires a wide range of policy changes as a condition for restoring funding and avoiding further funding disruptions."</u>

*Id.* at 2.

5. Under Federal Rule of Appellate Procedure 12.1, the parties are filing this notice to inform this Court of the district court's indicative ruling. Because the district court has already indicated that it will modify its preliminary injunction order in accord with the parties' joint stipulation, there is no need for this Court to retain jurisdiction. Therefore, pursuant to Federal Rule of Appellate Procedure 42(b)(1), the parties jointly stipulate to dismissal. Each side agrees to bear its own costs and fees.

## CONCLUSION

For the foregoing reasons, the appeal should be dismissed.

Respectfully submitted,

BRETT A. SHUMATE
 *Assistant Attorney General*

ERIC D. McARTHUR
 *Deputy Assistant Attorney General*

/s Michael Velchik
MICHAEL VELCHIK
 *Senior Counsel to the Assistant Attorney General*
 *Civil Division*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 *(202) 860-8388*
 *michael.velchik@usdoj.gov*

 *Attorneys for defendants-appellants*

/s/ Stacey M. Leyton
STACEY M. LEYTON
sleyton@altber.com
BARBARA J. CHISHOLM
bchisholm@altber.com
CONNIE K. CHAN
cchan@altber.com
AMANDA C. LYNCH
alynch@altber.com
JUHYUNG H. LEE
hlee@altber.com
ALEXANDER PECHT
specht@altber.com
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
(415) 421-7151

*Counsel for Plaintiffs-Appellees AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

/s/ Skye L. Perryman
SKYE L. PERRYMAN

5

*sperryman@democracyforward.org*
*VICTORIA S. NUGENT*
*vnugent@democracyforward.org*
*CYNTHIA LIAO*
*cliao@democracyforward.org*
*ORLANDO ECONOMOS*
*oeconomos@democracyforward.org*
*DEMOCRACY FORWARD FOUNDATION*
*P.O. Box 34553*
*Washington, DC 20043*
*(202) 448-9090*

*Counsel for Plaintiffs-Appellees AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*


*/s/ Veena Dubal*
*VEENA DUBAL*
*vdubal@aaup.org*
*AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS*
*555 New Jersey Avenue NW, Suite 600*
*Washington DC 20001*
*(202) 737-5900*

*Counsel for Plaintiff-Appellee AAUP*


*/s/ Eleanor Morton*
*ELEANOR MORTON*
*emorton@leonardcarder.com*
*KATE HALLWARD*
*khallward@leonardcarder.com*
*ARTHUR LIOU*
*aliou@leonardcarder.com*
*HUGH SCHLESINGER*
*hschlesinger@leonardcarder.com*
*LEONARD CARDER LLP*
*1999 Harrison Street, Suite 2700*
*Oakland, CA 94612*
*(510) 272-0169*

*Counsel for Plaintiffs-Appellees UPTE, AFSCME Local 3299, UC-AFT, CUCFA, and each of the UC Campus Faculty Associations*

/s/ Margo A. Feinberg
MARGO A. FEINBERG
margo@ssdslaw.com
DANIEL E. CURRY
dec@ssdslaw.com
SCHWARTZ, STEINSAPIR,
DOHRMANN & SOMMERS LLP
888 W. 6th Street, 12th Floor
Los Angeles, California 90017-2738
(323) 655-4700

*Counsel for Plaintiff-Appellee UAW Local 4811*

/s/ Nicole J. Daro
NICOLE J. DARO
ndaro@calnurses.org
CALIFORNIA NURSES ASSOCIATION/
NATIONAL NURSES UNITED
155 Grand Ave.
Oakland, CA 94612
(510) 207-8291

*Counsel for Plaintiff-Appellee CNA/NNU*

/s/ Susan K. Garea
SUSAN K. GAREA
sgarea@beesontayer.com
BEESON, TAYER & BODINE
492 Ninth Street, Suite 350
Oakland, CA 94607
(510) 625 9700

*Counsel for Plaintiff-Appellee Teamsters Local 2010*

7

*/s/ Hannah M. Shirey*
*HANNAH M. SHIREY*
*hshirey@cirseiu.org*
*COMMITTEE OF INTERNS AND*
*RESIDENTS/SEIU*
*10-27 46th Avenue, Suite 300-2*
*Long Island City, NY 11101*
*(212) 356-8100*

*Counsel for Plaintiff-Appellee CIR*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Garamond 14-point, a proportionally spaced font, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 677 words, according to the word count of Microsoft Word.

*/s/ Michael Velchik*
Michael Velchik

## CERTIFICATE OF SERVICE

I certify that on February 9, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Michael Velchik*
Michael Velchik