

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

Defendants.

Case No. 3:25-cv-07864-RFL

**[~~PROPOSED~~] ORDER MODIFYING PRELIMINARY INJUNCTION**

Judge: Hon. Rita F. Lin
Ctrm: 15, 18th Floor

Upon consideration of the parties' Joint Motion for Modification of Preliminary Injunction Order, the Motion is granted. The Order Granting Preliminary Injunction, ECF No. 91, is modified as follows.

For the reasons set forth in the Court's accompanying opinion, it is hereby **ORDERED** that Defendants Donald J. Trump, in his official capacity as President of the United States, U.S. Department of Justice ("DOJ"), Department of Health and Human Services ("HHS"), National Institutes of Health ("NIH"), Centers for Disease Control and Prevention ("CDC"), Food and Drug Administration ("FDA"), Department of Education ("ED"), National Science Foundation ("NSF"), Department of Energy ("DOE"), Department of Defense ("DOD"), National Aeronautics and Space Administration ("NASA"), U.S. Department of Agriculture ("USDA"), Department of Commerce ("Commerce"), Department of the Interior ("Interior"), Department of State ("State"), and Environmental Protection Agency ("EPA"), and their agency heads or officials named in their official capacities as Defendants in this lawsuit; their officers, agents, servants, employees, and attorneys; and all persons acting by, through, under, or in concert with these Defendants (collectively, "Defendants"), are preliminarily enjoined as follows:

1. Defendants are **ENJOINED** and/or **STAYED** from refusing to grant, non-renewing, withholding, freezing, suspending, terminating, conditioning, or otherwise restricting use of federal funds, or threatening to do so, to the University of California ("UC"), defined to include any of its campuses, laboratories, and affiliated medical centers, based on alleged discrimination on the basis of race, color, national origin, or sex, until after full compliance with all of the required steps, consistent with all procedural and substantive requirements governing the termination of federal financial assistance under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et seq., and Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq., and all procedural and substantive requirements governing the termination of federal financial assistance under the applicable Title VI and Title IX implementing regulations, and all procedural and substantive requirements under the Administrative Procedure Act, 5 U.S.C. §§551-559, 701-706 ("APA"), including but not limited to the following:

a. Defendants determine that the funding recipient is out of compliance with Title VI or Title IX;

b. Defendants attempt to achieve the recipient's voluntary compliance;

c. Defendants determine that voluntary compliance cannot be achieved;

d. Defendants provide notice to the UC and to any UC faculty or other UC employees who are named in the grant or contract of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for the action, and of the opportunity for a hearing;

e. A hearing is conducted on a date not less than 20 days after the date of such notice, in conformity with sections 5 to 8 of the Administrative Procedure Act, at which the funding recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing, and at which interested parties may participate as amici curiae;

f. The funding recipient and other interested parties are given a reasonable opportunity to file briefs or other written statements;

g. An impartial trier of fact makes an express finding of noncompliance with Title VI or Title IX on the record, identifying the particular program or activity or part thereof found to be in noncompliance;

h. Defendants file with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved a full written report of the circumstances and grounds for such action;

i. Defendants wait 30 days after the filing of such committee report; and

j. Defendants limit the effect of any funding termination to the particular program, or part thereof, in which such noncompliance has been found.

2. Defendants are **ENJOINED** and/or **STAYED** from seeking payments of or imposing penalties or fines or any other monies from the UC or any of its campuses or affiliated medical centers in connection with any civil rights investigation under Title VI, VII, or IX or violations of Title VI, VII, and IX. This provision does not prohibit the voluntary resolution of civil rights investigations and

litigations with respect to UC under Titles VI, VII, or IX so long as Defendants comply with all relevant procedural and substantive requirements under those statutes in initiating civil rights investigations and in procuring voluntary compliance, and seek only those remedies that are consistent with these civil rights laws.

3. Defendants are **ENJOINED** and/or **STAYED** from violating the First Amendment or Tenth Amendment by refusing to grant, non-renewing, withholding, freezing, suspending, terminating, conditioning, or otherwise restricting use of federal funds to the UC, or threatening to do so, to coerce the UC to agree to any of the terms contained in the August 8, 2025 settlement offer, or substantially similar terms, or pursuant to the "Task Force Policy," as defined on page 10 of the Court's memorandum and order, ECF No. 90.[1]

4. The "suspensions" (or terminations) of National Science Foundation (NSF), National Institutes of Health (NIH), and Department of Energy (DOE) research grants to UCLA researchers that took place on or around July 30, 2025, and the associated blanket policy of denying any future grants to UCLA, are hereby **VACATED** and set aside and/or **STAYED**, and Defendants are **ENJOINED** and/or **STAYED** from implementing, instituting, maintaining, or giving any force or effect to them. Any future terminations of federal funding by Defendants meeting the above criteria are **ENJOINED**, **VACATED**, and/or **STAYED** upon issuance.

**IT IS SO ORDERED.**

Dated: February 13, 2026

The Honorable Rita F. Lin
United States District Court Judge

[1] That language is as follows: "At stage one, a Task Force Agency announces investigations or planned enforcement actions related to alleged civil rights violations at a school. At stage two, Funding Agencies cancel the school's federal grants *en masse* without following Title VI and IX procedural requirements or limiting the scope of the terminations to non-compliant programs. At stage three, DOJ demands the payment of millions or billions of dollars—a penalty that Title VI and IX do not authorize—and requires a wide range of policy changes as a condition for restoring funding and avoiding further funding disruptions."