STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
ALEXANDER PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT,
UC-AFT, CNA/NNU, UAW, and CIR*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-07864-RFL <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br><br> Date:   March 25, 2026 <br> Time:   10:00 a.m. <br> Judge:  Hon. Rita F. Lin <br> Ctrm:   15, 18th Floor (Zoom) <br> . |

Pursuant to the Court's December 17, 2025 Scheduling Order, ECF 105, Plaintiffs and Defendants submit the following Joint Case Management Statement. Pursuant to the Scheduling Order, the parties met and conferred regarding ADR options, the completeness of the Administrative Records, and requests to supplement on February 27, 2026.

## I.    <u>ADR Proposal</u>

Plaintiffs continue to believe that the ADR process most likely to be helpful to the parties' settlement efforts is a settlement conference with a Magistrate Judge. Plaintiffs believe such a conference would be most productive after completion of briefing on the Administrative Record and responses to Plaintiffs' discovery requests, on a date convenient for the Magistrate Judge after the close of fact discovery.

Given the nature and extent of the preliminary injunction order, which Defendants have previously offered to Plaintiffs may be converted to a final judgment, and the legal issues implicated in this case, Defendants continue to believe that ADR will not be productive or necessary. Defendants maintain that Plaintiffs' claims may be fully adjudicated on the current record and, therefore, propose proceeding directly to summary judgment without any interim settlement conference.

Given Defendants' position, Plaintiffs believe the parties should meet and confer regarding whether ADR would be productive shortly before commencing briefing on motions for summary judgment.

## II.    <u>Proposed Schedule for Any Motions Related to the Administrative Record</u>

Defendant agencies have each provided Administrative Records or certifications stating that there are no non-privileged documents comprising the Administrative Record for a given agency in this case. Plaintiffs have raised concerns regarding the completeness of the Administrative Records produced to date and have proposed that Defendants provide privilege logs to facilitate further discussions regarding the completeness of the Administrative Records.

**<u>Defendants' position</u>**: Defendants' position is that privilege logs are not required in the administrative record context, *see Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 446 (9th Cir. 2024), but as a compromise, proposed that DOJ, ED, HHS, GSA, NSF, and DOE would produce privilege logs for documents related to the "Task Force Policy" in exchange for Plaintiffs' agreement not

to propound discovery requests regarding the "Task Force Policy." Plaintiffs do not agree to forego such discovery and are pursuing discovery on their *ultra vires* claims. Because Defendants anticipate that the legal issues associated with their administrative record and discovery productions will be entirely duplicative, Defendants propose that the parties proceed to discovery and that the court resolve all production issues following one consolidated briefing. To that end, Defendants propose that discovery close on June 30, 2026. Defendants further propose the following schedule to address any issues with respect to productions:

- Plaintiffs' motion to compel and/or complete administrative records: July 31, 2026
- Defendants' opposition: August 21, 2026
- Plaintiffs' reply: September 4, 2026

Defendants maintain that this case is entirely about agency action reviewable exclusively under the Administrative Procedure Act, and that depositions are neither necessary, nor appropriate. Defendants reserve all rights to oppose depositions, but to the extent depositions should be required by the Court, Defendants submit that they should happen within short order following the Court's resolution of any document production issues.

**Plaintiffs' position:** District courts can order privilege logs in certain circumstances including upon a showing of "bad faith and improper behavior," *Blue Mountains Biodiversity Project*, 99 F.4th at 445, including an overly broad assertion of the deliberative process privilege and the improper omission of documents from the administrative record. *See, e.g.*, *Immigrant Defendants Law Center v Mayorkas,* 2023 WL 8126872, *12 (C.D. Cal. Oct. 19, 2023). However, to avoid the need for duplicative work by Defendants and this Court, and because the discovery Plaintiffs are pursuing will shed light on the incompleteness of the administrative records and potentially crystallize or narrow any disputes over those records, Plaintiffs do not intend to move for an order requiring such a privilege log at this time and instead propose to raise disputes about the adequacy of the Administrative Records after the completion of written discovery. It appears that the parties are in agreement that the interests of judicial efficiency would be served by deferring briefing on any motions to complete and/or supplement the Administrative Records.

JOINT CASE MGMT. STATEMENT                                      Case No. 3:25-cv-07864-RFL

However, the parties disagree about the appropriate schedule. Defendants' proposal does not allow sufficient time for document production, review of documents produced, resolution of any disputes over that production, and further production if required after resolution of those disputes in this very significant case. It also does not allow time for depositions to take place after the close of written discovery. Further, Defendants' proposed schedule would adopt the *same* deadline for motions regarding discovery and the Administrative Records, whereas Plaintiffs' position is that discovery disputes should be resolved first, and if any additional documents must be produced after resolution of those disputes, that production should take place before any motions to complete the Administrative Record. Plaintiffs therefore propose the following briefing schedule:

- Deadline for Completion of Document Discovery and for Plaintiffs' Motion to Complete and/or Supplement the Administrative Records: September 15, 2026
- Defendants' Opposition to Motion to Complete and/or Supplement the Administrative Records: October 6, 2026
- Plaintiffs' Reply in support of Motion to Complete and/or Supplement the Administrative Records: October 20, 2026
- Completion of depositions: December 15, 2026

## III.    Proposed Schedule for Motions for Summary Judgment

Although Plaintiffs intend to continue seeking to address issues regarding the scope of the Administrative Records through negotiation and to concurrently pursue discovery, given the anticipated need for the Court to resolve questions regarding the scope of the Administrative Records and/or discovery disputes, Plaintiffs respectfully propose that the parties submit a proposed summary judgment briefing schedule within seven days of the Court's ruling on any motion to supplement/complete the record.

Defendants agree with Plaintiffs' proposal and separately underscore that this case is ready for summary judgment briefing without the need for discovery. If the parties cannot agree to a summary judgment briefing schedule to begin promptly after the Court's resolution of any motion with respect to

Defendants' productions, then Defendants intend to move for summary judgment in the timeline proscribed by the Local Rules and the Court's Standing Order.

Respectfully submitted,

Dated:  March 18, 2026          By:  *s/ Connie K. Chan*
                                     STACEY M. LEYTON, SBN 203827
                                     sleyton@altber.com
                                     BARBARA J. CHISHOLM, SBN 224656
                                     bchisholm@altber.com
                                     CONNIE K. CHAN, SBN 284230
                                     cchan@altber.com
                                     AMANDA C. LYNCH, SBN 318022
                                     alynch@altber.com
                                     JUHYUNG H. LEE, SBN 315738
                                     hlee@altber.com
                                     ALEXANDER PECHT, SBN 355877
                                     specht@altber.com
                                     **ALTSHULER BERZON LLP**
                                     177 Post St., Suite 300
                                     San Francisco, CA 94108
                                     (415) 421-7151

                                     *Counsel for Plaintiffs AAUP, AFT,*
                                     *UC-AFT, CNA/NNU, UAW, and CIR*


                                     SKYE L. PERRYMAN*
                                     sperryman@democracyforward.org
                                     VICTORIA S. NUGENT, *admitted pro hac vice*
                                     vnugent@democracyforward.org
                                     CYNTHIA LIAO, SBN 301818
                                     cliao@democracyforward.org
                                     ORLANDO ECONOMOS, *admitted pro hac vice*
                                     oeconomos@democracyforward.org
                                     **DEMOCRACY FORWARD FOUNDATION**
                                     P.O. Box 34553
                                     Washington, DC 20043
                                     (202) 448-9090

                                     *Counsel for Plaintiffs AAUP, AFT,*
                                     *CNA/NNU, UC-AFT, UAW, and CIR*

VEENA DUBAL, SBN 249268*
vdubal@aaup.org
**AMERICAN ASSOCIATION OF**
**UNIVERSITY PROFESSORS**
555 New Jersey Avenue NW, Suite 600
Washington DC 20001
(202) 737-5900

*Counsel for Plaintiff AAUP*

By: */s/ Eleanor Morton*
ELEANOR MORTON, SBN 220407
emorton@leonardcarder.com
KATE HALLWARD, SBN 233419
khallward@leonardcarder.com
ARTHUR LIOU, SBN 252690
aliou@leonardcarder.com
HUGH SCHLESINGER, SBN 353569
hschlesinger@leonardcarder.com
**LEONARD CARDER LLP**
1999 Harrison Street, Suite 2700
Oakland, CA 94612
(510) 272-0169

*Counsel for Plaintiffs UPTE, AFSCME Local 3299,*
*UC-AFT, CUCFA, and each of the UC Campus*
*Faculty Associations*

By: */s/ Margo Feinberg*
MARGO A. FEINBERG, SBN 100655
margo@ssdslaw.com
DANIEL E. CURRY, SBN 297412
dec@ssdslaw.com
**SCHWARTZ, STEINSAPIR,**
**DOHRMANN & SOMMERS LLP**
888 W. 6th Street, 12th Floor
Los Angeles, California 90017-2738
(323) 655-4700

*Counsel for Plaintiff UAW Local 4811*

- 5 -

JOINT CASE MGMT. STATEMENT                          Case No. 3:25-cv-07864-RFL

NICOLE J. DARO, SBN 276948
ndaro@calnurses.org
**CALIFORNIA NURSES ASSOCIATION/NATIONAL
NURSES UNITED**
155 Grand Ave.
Oakland, CA 94612
(510) 207-8291

*Counsel for Plaintiff CNA/NNU*

By: */s/ Susan K. Garea*
SUSAN K. GAREA, SBN 260407
sgarea@beesontayer.com
**BEESON, TAYER & BODINE**
492 Ninth Street, Suite 350
Oakland, CA 94607
(510) 625 9700

*Counsel for Plaintiff Teamsters Local 2010*

HANNAH M. SHIREY, SBN 332187
hshirey@cirseiu.org
**COMMITTEE OF INTERNS AND RESIDENTS/SEIU**
10-27 46th Avenue, Suite 300-2
Long Island City, NY 11101
(212) 356-8100

*Counsel for Plaintiff CIR*

\*   *Pro hac vice application forthcoming*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL. Bar No. 1025003)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*

- 6 -

## ATTESTATION

I attest that each of the other signatories have concurred in the filing of the document.

Dated:  March 18, 2026                   By: */s/ Connie K. Chan*

JOINT CASE MGMT. STATEMENT                                          Case No. 3:25-cv-07864-RFL