STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
SANDY PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,
Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

Defendants.

Case No. 3:25-cv-07864-RFL

**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO INCREASE THE PAGE LIMITATIONS APPLICABLE TO BRIEFING RE PLAINTIFFS' MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS**

Plaintiffs hereby respectfully submit this Motion for Administrative Relief, pursuant to Civil Local Rule 7-11, to increase the page limitations applicable to the briefing pertaining to Plaintiffs' forthcoming Motion to Compel Further Production of Documents, which will be filed on October 19, 2026. Specifically, Plaintiffs seek an additional seventeen (17) pages for their Memorandum in Support of Motion to Compel Further Production of Documents, for a total of thirty-two (32) pages; an additional seventeen (17) pages for Defendants' Opposition to that motion, for a total of thirty-two (32) pages; and an additional ten (10) pages for Plaintiffs' Reply, for a total of twenty (20) pages. Defendants stipulate to the requested page limit increase.

Good cause exists to grant Plaintiffs' administrative motion for the following reasons:

1. Plaintiffs' lawsuit is litigation of national importance that challenges, among other things, Defendants' unlawful attempts to coerce the University of California ("UC") into violating the constitutional rights of Plaintiffs and their members, including their rights to free speech and academic freedom. The Court has already found Plaintiffs likely to succeed on several constitutional and statutory claims and granted Plaintiffs' motion for a preliminary injunction. Dkt. 90. The parties sought page limit extensions for their preliminary injunction briefing due to the extent of the factual record and the complexity and number of issues in this case, and the Court granted these requests. Dkts. 18, 19, 57, 60, 63, 64.

2. Plaintiffs' forthcoming Motion to Compel will challenge both Defendants' numerous privilege assertions (and attendant withholding or redaction of documents) and the scope of Defendants' document searches.

3. After the court authorized discovery on Plaintiffs' *ultra vires* claims, Dkt. 105, and in response to Plaintiffs' First Set of Requests for Production of Documents, Defendants produced or logged several thousand responsive documents. Of those, however, only a fraction were produced in full. Many were produced with redactions, while approximately 4,500 responsive documents were withheld in their entirety based on various assertions of deliberative process privilege, presidential communications privilege, work production protection, attorney-client privilege, and statutory Title VII

confidentiality requirements over these thousands of documents.[1] Despite diligent meet-and-confer efforts, the parties have been unable to resolve their disputes regarding Defendants' privilege assertions.

4. Plaintiffs' forthcoming Motion to Compel will challenge Defendants' assertions of the deliberative process privilege, presidential communications privilege, work product protection, and attorney-client privilege as to thousands of documents highly relevant to Plaintiffs' claims. Plaintiffs' motion will explain that the asserted privileges are wholly inapplicable to many of the documents that Defendants have withheld on these bases. As to all but attorney-client privilege, the motion will further argue that, even if those privileges did apply, they are qualified privileges and under the relevant multi-factor balancing tests are overcome. The challenged documents are likely to be highly probative of the existence of the Task Force Policy as well as Defendants' motives and intent in adopting the Policy and applying it to UC, and directly relevant to Plaintiffs' claims for violations of the First Amendment, Tenth Amendment, Fifth Amendment Due Process Clause, Spending Clause, and Separation of Powers. For instance, Defendants' own privilege log descriptions state that many of the withheld documents are intra- and inter-agency communications involving the core Task Force members, personnel from key Defendant agencies such as the Department of Justice ("DOJ"), Department of Education, General Services Administration, Department of Health and Human Services, National Science Foundation, and Department of Energy, as well as the White House, discussing the government's investigations, funding suspensions, and settlement terms for UC and other universities.

5. In addition to briefing Defendants' privilege assertions, Plaintiffs will also move to compel Defendant DOJ to conduct additional reasonable searches (including searches to which other defendant agencies have already agreed) of relevant custodians.

6. Each of these privilege and scope-of-search issues requires discussions of both the applicable law and the specifics of the relevant privilege log entries or searches. And for assertions of privilege that are qualified (as most are), presentation of the issue requires discussion of the merits of this case and the attendant need for those documents.

[1] Defendants initially asserted the law enforcement privilege as well but have since withdrawn those assertions.

7. Plaintiffs are working to present their arguments to the court concisely, but given the number of privileges at issue, the volume of documents Defendants have withheld on challenged bases, and the parties' additional disputes regarding the scope of Defendant DOJ's search, Plaintiffs respectfully seek an additional seventeen (17) pages to adequately present the relevant issues in their memorandum. So that the parties can adequately address the numerous issues, Plaintiffs will also likely require an additional ten (10) pages for their Reply, given the number of issues and documents at stake.

8. Defendants have stipulated to Plaintiffs' requested page limit extensions of thirty-two (32) total pages for Plaintiffs' memorandum, thirty-two (32) total pages for Defendants' Opposition, and twenty (20) total pages for Plaintiffs' Reply. *See* Stipulation to Increase the Page Limitations Applicable to Briefing Re Plaintiffs' Motion to Compel Further Production of Documents.

Because good cause exists to grant the requested increases in the applicable page limits, Plaintiffs respectfully request this Court's leave to file a Memorandum in Support of Motion to Compel of up to thirty-two (32) pages; for Defendants to file an Opposition to that Motion of up to thirty-two (32) pages; and for Plaintiffs to file a Reply of up to twenty (20) pages.

Respectfully submitted,

Dated: October 15, 2026

By: *<u>/s/ Amanda C. Lynch</u>*

STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
SANDY PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, UAW, and CIR*

SKYE L. PERRYMAN, *admitted pro hac vice*
sperryman@democracyforward.org
VICTORIA S. NUGENT, *admitted pro hac vice*
vnugent@democracyforward.org
CYNTHIA LIAO, SBN 301818
cliao@democracyforward.org
ORLANDO ECONOMOS, *admitted pro hac vice*
oeconomos@democracyforward.org
PABLO MORAGA, *admitted pro hac vice*
pmoraga@democracyforward.org
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs AAUP, AFT, CNA/NNU, UC-AFT, UAW, and CIR*

VEENA DUBAL, SBN 249268
vdubal@aaup.org
vdubal@aaup.org
**AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS**
555 New Jersey Avenue NW, Suite 600
Washington DC 20001

*Counsel for Plaintiff AAUP*

*/s/ Eleanor Morton*
ELEANOR MORTON, SBN 220407
emorton@leonardcarder.com
KATE HALLWARD, SBN 233419
khallward@leonardcarder.com
ARTHUR LIOU, SBN 252690
Aliou@leonardcarder.com
HUGH SCHLESSINGER, SBN 353569
Hschlessinger@leonardcarder.com
**LEONARD CARDER LLP**
1999 Harrison Street, Suite 2700
Oakland, CA 94612
(510) 272-0169

*Counsel for Plaintiffs UPTE, AFSCME Local 3299, UC- AFT, CUCFA, and each of the UC Campus Faculty Associations*

*/s/ Margo A. Feinberg*
MARGO A. FEINBERG, SBN 100655
margo@ssdslaw.com

DANIEL E. CURRY, SBN 297412
dec@ssdslaw.com
**SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP**
888 W. 6th Street, 12th Floor
Los Angeles, California 90017-2738
(323) 655-4700

*Counsel for Plaintiff UAW Local 4811*

DAVID B. WILLHOITE, SBN 294172
dwillhoite@calnurses.org
**CALIFORNIA NURSES ASSOCIATION/NATIONAL NURSES UNITED**
155 Grand Ave.
Oakland, CA 94612
(510) 207-8291

*Counsel for Plaintiff CNA/NNU*

*/s/ Susan K. Garea*
SUSAN K. GAREA, SBN 260407
SGarea@beesontayer.com
**BEESON, TAYER & BODINE**
492 Ninth Street, Suite 350
Oakland, CA 94607
(510) 625 9700

*Counsel for Plaintiff Teamsters Local 2010*

HANNAH M. SHIREY, SBN 332187
hshirey@cirseiu.org
**COMMITTEE OF INTERNS AND RESIDENTS/SEIU**
10-27 46th Avenue, Suite 300-2
Long Island City, NY 11101
(212) 356-8100

*Counsel for Plaintiff CIR*