**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-07864-RFL<br><br>**[PROPOSED] ORDER GRANTING MOTION TO COMPEL** |

**[PROPOSED] ORDER GRANTING MOTION TO COMPEL**

Having considered the briefing and oral argument on Plaintiffs' Motion to Compel Further Production of Documents, this Court hereby **GRANTS** the motion for the reasons set forth herein.

Deliberative Process Privilege: Defendants' assertion of the deliberative process privilege is overruled as to all of the documents over which it is asserted, as reflected in Tables A through D attached to the Declaration of Alexander Pecht. The deliberative process privilege is inapplicable because Defendants' intent is an element of Plaintiffs' First Amendment cause of action. *See In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). Even if that were not the case, moreover, deliberative process is a qualified privilege and Plaintiffs have demonstrated the central relevance to this case of six categories of documents encompassing all of the documents identified in Tables A through D: documents relating to (1) stage one of the Task Force Policy ("Civil Rights Pretext"); (2) stage two of the Policy ("Funding Cutoffs"); (3) stage three of the Policy ("Demands"); (4) other evidence of Defendants' motives and objectives ("Targeted Speech and Policies"); (5) the Task Force's operations and directives ("Task Force"); and (6) all Defendants' roles in implementing Executive Order 14188 and the Policy ("Other Agency Coordination"). Accordingly, the Court finds that even if the deliberative process privilege applied, Plaintiffs' need for the six categories of documents at issue would outweigh and overcome Defendants' interest in nondisclosure. *See F.T.C. v. Warner Commc's Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Finally, while the Court need not reach this issue, the deliberative process privilege is inapplicable to many of the documents for which it is asserted, because all of the documents that merely implement Defendants' decision to apply the Task Force Policy to UC, announced by Defendant Leo Terrell as early as February 2025, are post-decisional, and many are non-deliberative.

Presidential Communications Privilege: Defendants' assertion of the presidential communications privilege is also overruled as to all of the documents over which it is asserted, as reflected in Tables B through D. As with the deliberative process privilege, the qualified presidential communications privilege is overcome for the six categories of documents because the documents are highly relevant and not available from other sources. *See U.S. Dep't of Treasury v. Pension Benefit Guaranty Corp.*, 351 F.Supp.3d 140, 157 (D.D.C. 2018). Even if that were not the case, the privilege

would be overruled as to many documents to which the privilege does not apply, including those that were received but not solicited by White House officials, *see In re Sealed Case*, 121 F.3d 729, 758 (D.C. Cir. 1997), and documents that were neither solicited nor received by White House staff and do not "memorialize[ ], summarize[ ], describe[ ] or otherwise reflect[ ] the content of actual communications between … White House advisers … and agency personnel," *Property of the People, Inc. v. Off. of Mgmt. & Budget*, 330 F.Supp.3d 373, 390 (D.D.C. 2018).

Work Product Protection: Defendants' assertion of attorney work product protection is also overruled as to all of the documents over which it is asserted, as reflected in Tables C and D. Plaintiffs' claims put at issue the mental impressions of federal government officials including attorneys, and the need for their communications is compelling. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 578 (9th Cir. 1992); *United States v. Sanmina Corp.*, 968 F.3d 1107, 1125 (9th Cir. 2020). Even if that were not the case, the privilege would be overruled as to many documents to which the privilege does not apply, including the Title VI Elements Memo, which merely summarizes case law and holdings, *Am. Civ. Libs. Union of N. Cal. v. U.S. Dep't of Just.*, 880 F.3d 473, 488 (9th Cir. 2018),[1] and certain "instructions to investigators" that "would have been created in 'substantially similar form' regardless of whether those investigations ultimately lead to criminal prosecutions," *id.* at 486.

Attorney-Client Privilege: For the attorney-client privilege to attach, the "primary purpose of the communication" (as to which there can only be one) must have been "to give or receive legal advice, as opposed to business or [other non-legal] advice." *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1224 (9th Cir. 2025). Defendants have not met their burden to establish that communications by the following individuals were for the primary purpose of legal advice: Federal Acquisition Service Commissioner Josh Gruenbaum, Department of Health and Human Services ("HHS") Supervisory Civil Rights Analyst David Hyams, HHS Associate Deputy Director in the Policy Division Daniel Shieh, Department of Education ("Education") Office of Civil Rights Principal Deputy Assistant Secretary for Policy Craig Trainor, and EEOC Commissioner Andrea Lucas.[2] All of the assertions of attorney-client privilege

---

[1] Attorney-client privilege also does not attach to this memo. *See Am. Civ. Lib. Union of San Diego & Imperial Counties v. U.S. Dep't of Homeland Sec.*, 2017 WL 9500949, at *11 (C.D. Cal. Nov. 6, 2017).

[2] The titles listed reflect these individuals' positions during the relevant time period.

based on those individuals (or based on non-lawyer Jonathan Pidluzny) are therefore overruled and any documents as to which the privilege rests on their involvement must be produced. The Court further finds that the following individuals had significant policy and strategy roles and Plaintiffs have made a sufficient showing that their communications may not have been for the primary purpose of legal advice, so any documents that depend on their assertion of attorney-client privilege must be reviewed *in camera*: HHS Acting General Counsel Sean Keveney, Education Acting General Counsel Thomas Wheeler, Department of Justice ("DOJ") Assistant Attorney General for Civil Rights Harmeet Dhillon, DOJ Principal Deputy Assistant Attorney General Gregory Brown, and White House Associate Counsel Joshua Hoyt. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992); *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.* ("*CREW*"), 538 F.Supp.3d 124, 135 (D.D.C. 2021). Further, the Court finds that communication by DOJ Employment Litigation Section leaders Karen Woodard and Valerie Meyer were not for the purpose of giving legal advice because the decision to bring an enforcement action against UC had already been made and they were instructed not to provide legal advice or make legal determinations. *See CREW*, 538 F.Supp.3d at 147. And finally, the privilege does not apply to communications by clients that merely implemented, incorporated, or reflected legal advice, feedback, or edits from attorneys, and is overruled as to any such documents. *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F.Supp.3d 1230, 1243 (D. Or. 2017).

As to the parties' disputes over the scope of Defendants' searches and production, the Court finds that Dhillon played a central and singular role in the events at issue in this case and that it is likely that she has unique communications, so her documents must be searched and produced or logged. Finally, the additional searches requested by Plaintiffs and set forth in Exhibit 4 to the Declaration of Amanda Lynch ("Appendix") are reasonable, proportionate, and likely to yield unique and highly relevant documents, and so must be conducted by DOJ.

For the aforementioned reasons, it is **HEREBY ORDERED** that:

Defendants DOJ, HHS, General Services Administration, Department of Education, National Science Foundation, Department of Energy, Department of Defense, Department of Agriculture, Department of State, National Endowment for the Humanities, and AmeriCorps (collectively "Defendants") shall produce to Plaintiffs all of the documents in Tables A, B, and C, except that

Defendants may redact any attorney-client privileged portions of those documents that are highlighted in green;

Defendants shall produce all documents in Table D as to which the assertion of attorney-client privilege is based on Gruenbaum, Hyams, Shieh, Trainor, Lucas, Woodard, or Meyer, as well as all documents reflecting communications by clients that merely implemented, incorporated, or reflected legal advice, feedback, or edits from attorneys;

Defendants shall produce for *in camera* review all documents in Table D as to which the assertion of attorney-client privilege is based on Keveney, Wheeler, Dhillon, Brown, or Hoyt, which are highlighted in yellow;

Defendant DOJ shall add Dhillon as a custodian and conduct the searches reflected in the Appendix.

Defendants' additional productions must be completed no later than _______________, 2027. Defendants must submit the aforementioned documents for *in camera* review by ___________________.

**IT IS SO ORDERED.**

DATED: __________________, 2026

_____________________________
HON. RITA F. LIN
UNITED STATES DISTRICT JUDGE